**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Robert A. TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed Feb. 28, 2013.

Herbert McDuffy, Jr., Chester, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and LAZARUS, J.

OPINION BY STEVENS, P.J.:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant Robert A. Taylor of making false statements in connection with the purchase of a firearm,[1] making unsworn falsifications to authorities,[2] and tampering with public records.[3] Appellant challenges the weight of the evidence supporting his convictions. We affirm.

On May 20, 2008, Appellant attempted to purchase a Sccy (Skyy) CPX–1.9 millimeter handgun at the Philadelphia Archery and Gun Club ("the Gun Club"). To do so, Appellant was required to provide identification and a copy of the concealed weapons permit he held in Florida and required to fill out a Pennsylvania State Police application/record of sale form as well as a federal form from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). The State Police application specifically asked if Appellant was "now charged with or ha[d] ever been convicted of a crime punishable for a term exceeding one year."[4] N.T. 11/3/11, at 43. Appellant responded "No." Similarly, the ATF form asked "[h]ave you have been convicted in any court of a felony or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including proba-

---

1. 18 Pa.C.S.A. § 6111(g)(4).

2. 18 Pa.C.S.A. § 4904.

3. 18 Pa.C.S.A. § 4911.

4. The form clarified that the question applied to the maximum sentence Appellant could have received, not the actual sentence Appellant did receive. N.T. 11/3/11, at 43.

tion?" Appellant again answered "No." Upon submitting this information, Appellant was not permitted to purchase the firearm at the Gun Club as the instant background check indicated that additional research was needed to determine if Appellant was eligible to purchase the firearm.

After Appellant became frustrated in having to wait five days for the results of the background check initiated by the Gun Club, on May 25, 2008, Appellant attempted to purchase a Kel–Tec P–11.9 millimeter handgun at a gun show held at the Armory in northeast Philadelphia. Appellant was required to fill out the same Pennsylvania State Police record of sale and the ATF form. Appellant again answered on both forms that he had not been convicted of a crime punishable for a term exceeding a year. The vendor at the gun show ran an instant background check, which indicated that Appellant was not permitted to purchase a firearm but did not state the reasons for this denial. Appellant subsequently discovered that his first application to purchase a firearm at the Gun Club was also denied. Appellant hired an attorney and filed a civil appeal of these denials.[5]

Appellant was arrested in connection with making false statements about his criminal history on the applications required to purchase a firearm. Although Appellant had repeatedly claimed on these forms that he had never been convicted of a crime punishable by more than a year in prison, Appellant's criminal record showed otherwise. In 1999, Appellant was convicted of terroristic threats, a charge that carried a maximum term of five years in prison. However, Appellant received a sentence of time served to twenty-three

months incarceration. In 2004, Appellant was charged with carrying a firearm without a license. Appellant pled guilty to this first-degree misdemeanor and signed a written plea colloquy indicating that he understood he could face five years in prison and that no agreement was made as the length of his sentence. For that charge, Appellant was sentenced to two years and two days probation.

A bench trial was held in this case on November 3, 2011. At trial, Appellant essentially testified that he did not know he made a false statement on the firearms applications because he did not think the form applied to either of his convictions. Appellant claimed his terroristic threats conviction was "kind of a mystery" as he believed it was never entered on his criminal record despite the fact he was sentenced to time served to twenty-three months imprisonment In addition, Appellant stated that he believed his 2004 guilty plea to carrying a firearm without a license did not constitute a conviction even though he received over two years probation. When confronted with his signed written guilty plea colloquy for the weapons offense which stated that Appellant could be sentenced up to five years in prison, Appellant repeatedly claimed he did not recognize the document.

The prosecution questioned Appellant's motive in applying for a concealed weapons permit in Florida instead of Pennsylvania. Although Appellant has never been to Florida and has no contacts there, Appellant testified that he applied for a Florida permit through the mail because he felt the process was more "informative" and required applicants to take a NRA safety course, which he completed in Philadelphia. He noted the Florida permit allows

---

**5.** Appellant alleges that the Commonwealth Court affirmed the denial of his applications to purchase a firearm and the Supreme Court granted Appellant's Petition for Allowance of Appeal. N.T. 11/3/12, at 60. This Court was unable to confirm this claim.

him to carry a firearm in thirty-two states, including Pennsylvania. Although Appellant's application for a Florida permit was initially denied, he eventually obtained a permit there after sending additional documentation to Florida authorities. Appellant acknowledged that the Florida permit application process requires an applicant to report his felony convictions, but does not inquire about an applicant's misdemeanor convictions.

The trial court subsequently convicted Appellant of the aforementioned charges. On December 2, 2011, Appellant filed a motion for a new trial. On January 26, 2012, the trial court sentenced Appellant to eleven and one half (11½) to twenty-three (23) months of incarceration to be followed by five (5) years probation on the charge of making false statements in connection with the purchase of a firearm under Section 6111(g)(4) of the Crimes Code. No further penalties were imposed on the remaining convictions. The trial court subsequently denied Appellant's motion for a new trial and Appellant filed this timely appeal.

■■■ Appellant's sole challenge on appeal is a challenge to the weight of the evidence.[6] Our standard of review is as follows:

> [t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is

not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa.Super.2012) (quoting *Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 409 (2003)).

■■■ After reviewing the record and trial transcripts, we find the trial court did not abuse its discretion in finding Appellant's convictions were supported by the weight of the evidence. The trial court found Appellant's testimony "baffling" and "completely incredible." T.C.O., at 6; N.T. 11/3/11, at 106. The trial court did not accept Appellant's claim that he did not understand the difference between a guilty plea and a conviction despite the fact that he received two years probation after pleading guilty to the VUFA charge. The Commonwealth presented Appellant's signed written guilty plea colloquy which indicated that Appellant acknowledged that he could receive a sentence of five years imprisonment. In addition, the trial court found Appellant was evasive in contending that his terroristic threats conviction was a "mystery" as he did not think it was on his criminal record even though he was sentenced to six to twenty-three months imprisonment for that conviction.

Moreover, despite Appellant's claims of ignorance and confusion, Appellant demonstrated that he had an "exceptional understanding" of state firearm laws. T.C.O., at 7. We note that in applying for a Florida concealed weapons permit, Appellant avoided the need to report his misdemeanor convictions for terroristic threats and possessing a firearm without a license, which made him ineligible for a firearms

---

**6.** Although phrased as a sufficiency claim, Appellant challenged the weight of the evidence in his post-trial motion filed before sentencing.

license in Pennsylvania. The trial court found that Appellant's "demeanor on the witness stand further betrayed the deceit in his testimony." T.C.O., at 6. We will not disturb the trial court's credibility findings on appeal. Our review of the record leads us to conclude that the trial court did not err in finding Appellant failed to show that his convictions were so contrary to the evidence as to shock one's sense of justice. Accordingly, the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence.[7]

Judgment of sentence affirmed.

---

7. Appellant claims that the trial court rushed to judgment and did not give Appellant the opportunity to explain his actions. We find this claim to be meritless as our review of the trial transcripts reveals that the trial court afforded Appellant ample time to present his defense. During trial, Appellant presented the same claims as he raises in his appellate brief and does not state what additional explanations he would have given that would have affected the trial court's decision.