J-S85033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KENNETH A. CHARLES, | : | |
| | : | |
| Appellant | : | No. 3687 EDA 2015 |

Appeal from the PCRA Order November 23, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0014400-2007

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED FEBRUARY 13, 2017**

Kenneth A. Charles ("Charles") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** PCRA Court Opinion, 1/15/16, at 1-3.

On appeal, Charles raises the following issues for our review:

1. Whether trial and appellate counsel[2] were ineffective for failing to file post[-]sentence motions in this matter[,] depriving [Charles] of his post-sentence rights?

2. Whether [Charles] also asserts that trial counsel was ineffective for failing to request a jury instruction that the lack of fingerprint evidence supported a finding that [Charles] did not commit a burglary inside the house?

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Charles was represented by the same attorney at trial and on direct appeal.

Brief for Appellant at 5 (footnote added).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Charles contends that trial and appellate counsel were ineffective for failing to file post-sentence motions challenging (1) the verdict as against the weight of the evidence (on the basis that Charles lacked the intent to commit burglary because he entered the house upon invitation); and (2) his sentence as excessive. Brief for Appellant at 10-11. Charles asserts that, "with respect to sentencing and weight of the evidence issues on appeal, post[-]sentence motions are a statutory artifice. No other issues on appeal require that the [a]ppellant prove merit - if the [a]ppellant can demonstrate that he asked for an appeal in a timely fashion, it will be restored as a matter of law." *Id*. at 11-12. Charles nevertheless states that "if the [a]ppellant fails to file post[-]sentence motions with regard to weight of the evidence and sentencing before appeal, even if he cannot prove that

he would prevail in the lower court, it will be deemed waived by the appellate courts." *Id*. at 12. On this basis, Charles argues that the PCRA court erred by dismissing his Petition. *Id*.

In its Opinion, the PCRA court addressed Charles's first issue, set forth the relevant law, and determined that the issue lacks merit. *See* PCRA Court Opinion, 1/15/16, at 3-8. We agree with the determination of the PCRA court, which is supported by the evidence of record and free of legal error, and affirm on this basis as to Charles's first issue. *See id*.

In his second issue, Charles contends that trial counsel was ineffective for failing to request a jury instruction that the lack of fingerprint evidence supported a finding that he did not commit a burglary inside the house. Brief for Appellant at 13. Charles asserts that "there were no fingerprints recovered from the location[,] or any of the items in the house …." *Id*. at 14. On this basis, Charles claims that a jury instruction was warranted. *Id*.

In its Opinion, the PCRA court addressed Charles's second issue, set forth the relevant law, and determined that the issue lacks merit. *See* PCRA Court Opinion, 1/15/16, at 9-10. We agree with the determination of the PCRA court, which is supported by the evidence of record and free of legal error, and affirm on this basis as to Charles's second issue. *See id*.

Order affirmed.

J-S85033-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017

- 4 -

Filed 6/14/2016 6:06:00 AM Superior Court Eastern District
3687 EDA 2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

    :    CP-51-CR-0014400-2007

CP 51 CR 0014400 2007 Comm. v. Charles, Kenneth A.
Opinion

v.

KENNETH CHARLES

7394244131

OPINION

**FILED**

JAN 1 5 2016

Post Trial Unit

BRONSON, J.                                     January 15, 2016

## I. PROCEDURAL BACKGROUND

On July 2, 2008, following a jury trial before this Court, defendant Kenneth Charles was

convicted of burglary (18 Pa.C.S. § 3502(a)). N.T. 07/02/08 at 4-5.[1] On August 12, 2008, the

Court imposed a sentence of ten to twenty years incarceration. N.T. 08/12/08 at 10. Defendant

was represented at trial, sentencing, and on appeal by the Defender's Association of

Philadelphia.

On December 30, 2009, the Superior Court affirmed defendant's judgment of sentence.

The Pennsylvania Supreme Court denied *allocator* on July 14, 2010. Defendant then filed a *pro*

*se* petition under the Post-Conviction Relief Act ("PCRA") on September 10, 2010. Emily

Cherniack, Esquire was appointed to represent defendant on July 16, 2012. On July 27, 2014,

Ms. Cherniack filed an Amended PCRA Petition ("Amended Petition") raising claims that trial

counsel was ineffective for: 1) failing to file a post-sentence motion challenging the weight of

the evidence; 2) failing to file a post-sentence motion challenging the excessiveness of the

Court's sentence; and 3) failing to request a jury instruction regarding the lack of fingerprint

evidence. Amended Petition at ¶¶ 8, 11-13. On October 6, 2015, after reviewing defendant's

---

[1] A prior trial had resulted in a hung jury.

PCRA Petition and the Commonwealth's Motion to Dismiss, this Court ruled that the claims set forth in defendant's petition were without merit. On that day, pursuant to Pa.R.Crim.P. 907, the Court issued notice of its intent to dismiss the petition without a hearing ("907 Notice"). On November 23, 2015, the Court entered an order dismissing defendant's PCRA Petition. This appeal followed.

Defendant has now appealed the Court's dismissal of his PCRA Petition, alleging that: 1) trial and appellate counsel were ineffective for failing to file post sentence motions; and 2) trial counsel was ineffective for failing to request a jury instruction regarding the lack of fingerprint evidence. Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ 1-2. For the reasons set forth below, defendant's claims are without merit, and the PCRA Court's order dismissing his PCRA Petition should be affirmed.

## II. FACTUAL BACKGROUND

The factual background of this matter is set forth in this Court's 1925(a) opinion filed in defendant's direct appeal as follows:

> At trial, the Commonwealth presented the following witnesses: Gregory Staton, Barron Draper, Flora Lee Adams, Flora Belle Adams, Marie Gethers, Michael Gethers, Philadelphia Police Officers Daniel Villafane and Jacqueline Orth, and Detective John Ellis. Viewed in the light most favorable to the Commonwealth, the testimony of these witnesses established the following.
>
> On July 3, 2007, Flora Lee Adams lived at 723 West Roosevelt Boulevard in Philadelphia with her daughters Marie Gethers and Flora Belle Adams. N.T. 07/01/2008 at 9, 51, 62-63. When she left for work that day at 6:00 a.m., Flora Lee Adams did her customary check that all of the doors to her home were secure. N.T. 07/01/2008 at 21. When Ms. Gethers and Flora Belle Adams left for work separately between 7:00 a.m. and 8:00 a.m., each secured the locks on each of the two front doors. N.T. 07/01/2008 at 53-54, 58, 64-66, 88. Only Flora Lee Adams, Flora Belle Adams, Ms. Gethers, and Ms. Gethers' husband, who did not live in the home, had a key to the front doors. N.T. 07/01/2008 at 42, 52-53, 57, 63, 86-87, 111-112.[2] Flora Lee Adams alone had keys to the other doors of the house. N.T. 07/01/2008 at 17-18, 23, 25-26, 42. None of these individuals gave

---

[2] While Flora Lee Adams and Ms. Gethers testified that Mr. Gethers did not have a key at that time, Mr. Gethers testified that he did. N.T. 07/01/2008 at 42, 87, 111.

2

anyone permission to enter the house while they were working during the day. N.T. 07/01/2008 at 27, 54, 68, 112.

Around 5:00 p.m., Ms. Gethers returned from work, unlocked the front doors, and then relocked them once she was inside. N.T. 07/01/2008 at 66, 69, 97. Walking into the vestibule, Ms. Gethers saw defendant standing in the living room. N.T. 07/01/2008 at 67-68, 97. Frightened, Ms. Gethers unlocked the front doors and went onto the porch as defendant followed and tried to calm her. N.T. 07/01/2008 at 69-70, 97-98. Defendant told Ms. Gethers that someone had let him in the house and had then gone to Checkers, but would return soon, and that he would wait with her for the police. N.T. 07/01/2008 at 71, 99-100. Ms. Gethers then called her husband and 911. N.T. 07/01/2008 at 71, 73.

Mr. Draper, a neighbor, noticed defendant and Ms. Gethers on the porch as he arrived home from work and saw that Ms. Gethers appeared to be upset. N.T. 06/30/2008 at 70, 72-73, 89, 91. Mr. Draper walked over to the two and after speaking to Ms. Gethers, began to question defendant. N.T. 06/30/2008 at 73-75, 89; 07/01/2008 at 71, 73-74, 100. Defendant repeated that he had been invited into the house by some friends who had left to get something to eat, but were to return. N.T. 06/30/2008 at 74, 76, 92-93. Defendant told Ms. Gethers and Mr. Draper his true name and gave Mr. Draper the true name and phone number of his employer. N.T. 06/30/2008 at 75-76, 92; 07/01/2008 at 103. After fifteen minutes had passed, neither the police nor defendant's friends had arrived. N.T. 06/30/2008 at 77, 91; 07/01/2008 at 75, 100, 103. Defendant announced that he had to leave, and then called Ms. Gethers' cell phone so that she would have his phone number before departing on foot. N.T. 06/30/2008 at 77, 83; 07/01/2008 at 76-77, 102-103. After defendant left, Mr. Draper discovered that one of the basement windows of the home had been broken. N.T. 06/30/2008 at 80-83, 95-103; 07/01/2008 at 77. When Mr. Draper and Ms. Gethers went inside, they discovered that a water jug holding spare change had been moved from the master bedroom and placed inside a shopping cart in the middle of the living room. N.T. 07/01/2008 at 77-78. The shopping cart had been moved from its usual place in the dining room, and the laundry which had been inside it had been dumped out onto the floor. N.T. 07/01/2008 at 20, 26-27, 34-35.

Trial Court Opinion, filed March 12, 2009 at pp. 2-4.

### III. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 685 A.2d 1000, 1003 (Pa. Super. 1996)

(citing *Commonwealth v. Legg*, 669 A.2d 389, 391 (Pa. Super. 1995)). The reviewing court "will not disturb findings that are supported by the record." *Id.*

Here, defendant's claims pertain to the alleged ineffective assistance of trial counsel. Under Pennsylvania law, counsel is presumed effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973, 974-75 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *app. denied*, 956 A.2d 433 (Pa. 2008).

*A. Failure to File Post-Sentence Motions*

Defendant first claims that his "trial and appellate counsel were ineffective for failing to file post sentence motions in this matter depriving the Defendant of his post-sentence rights." Statement of Errors at ¶ 1. In his Amended Petition, defendant claimed that he wanted to file a post sentence motion challenging both the weight of the evidence and the excessiveness of his

4

sentence. Amended Petition at ¶¶ 11-12. This claim is without merit as defendant cannot demonstrate that he requested counsel file such a motion or that he was prejudiced by counsel's failure to do so.

1. Post-Sentence Motion Challenging the Weight of the Evidence

In his Amended Petition, defendant alleged that he "wanted to file post sentence motions [challenging the weight of the evidence] where defense was that he had entered the dwelling after being invited by another individual and thus did not possess the intent necessary to commit the crime of burglary." Amended Petition at ¶ 11. Initially, defendant fails to establish that his claim is of arguable merit as defendant never alleges that he requested either trial or appellate counsel to file any post-sentence motion challenging the weight of the evidence in this matter. Counsel cannot be ineffective for failing to file a post sentence motion that defendant never requested. *Commonwealh v. Velasquez*, 563 A.2d 1273, 1275 (Pa. Super. 1989).

In addition, defendant cannot demonstrate that he was prejudiced by counsel's failure to file a motion claiming that the verdicts were against the weight of the evidence. It is well-established that a new trial may only be granted by the trial court where the verdict was so contrary to the weight of the evidence as to "shock one's sense of justice." *Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. 2004), *appeal denied*, 878 A.2d 864 (Pa. 2005) (quoting *Commonwealth v. Hunter*, 554 A.2d 550, 555) (Pa. Super. 1989)). Moreover, credibility determinations are solely within the province of the fact-finder, and "an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact." *Commonwealth v. Taylor*, 63 A.3d 327 (Pa. Super. 2013) (quoting *Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa. Super. 2012)). In considering a claim that the trial court erred in refusing to find that a verdict was against the weight of the evidence, "appellate review is limited to

5

whether the trial court palpably abused its discretion in ruling on the weight claim." *Taylor*, 63 A.3d at 327 (quoting *Shaffer*, 40 A.3d at 1253).

Here, the evidence admitted at trial plainly established that defendant committed a burglary when he entered the victim's home. Each resident of the home testified that they left the home with the doors securely locked. N.T. 7/1/08 at 21, 53-54, 58, 64-66, 88. None of these individuals gave anyone permission to enter the house while they were working during the day. N.T. 7/1/08 at 27, 54, 68, 112. Marie Gethers testified that she returned home to find defendant standing in the living room. N.T. 7/1/08 at 67-68, 97. While the jury heard defendant's assertion that he was let into the home by some unknown individual, the jury also saw evidence that a basement window of the home had been broken, that a water jug holding spare change had been moved from the master bedroom and placed inside a shopping cart in the living room, that the shopping cart had been moved from its usual place in the dining room, and that the laundry inside the cart had been dumped onto the floor. N.T. 6/30/08 at 80-83, 95-103; 7/1/08 at 20, 26-27, 34-35, 77-78.[3] The Commonwealth further established defendant's intent and lack of mistake through the introduction of a prior burglary, where defendant was discovered by police hiding in a basement after prying open a rear door with a screwdriver. N.T. 5/30/08 at 9; 6/30/08 at 46-63. Therefore, there was compelling evidence to support the jury's conclusion that defendant entered the home without permission with the intent to commit a theft. As a result, the Court would have properly denied any post-sentence motion based on the weight of the evidence.

Accordingly, the record establishes that defendant's claim of counsel's ineffectiveness for failing to file a post-sentence motion that the verdict was against the weight of the evidence is without merit.

---

[3] Defendant's assertion came in at trial through the testimony of the victims in this case. Defendant did not testify at trial.

6

2. Post-Sentence Motion Challenging Defendant's Sentence

Defendant also claimed in his Amended Petition that trial counsel was ineffective for failing to file a post-sentence motion challenging the sentence of 10 to 20 years, and that appellate counsel was ineffective for failing to present this claim on appeal. Amended Petition at ¶ 12. However, nowhere in defendant's Amended Petition does he allege that he requested counsel file a post-sentence motion challenging the discretionary aspects of his sentence. As stated above, counsel cannot be ineffective for failing to file a post sentence motion that defendant never requested. *Velasquez*, 563 A.2d at 1275. With no post sentence motion challenging the discretionary aspects of sentencing being filed, the matter was waived for purposes of direct appeal. Appellate counsel, therefore, cannot be faulted for failing to raise a waived claim on appeal.

In any event, defendant must establish that, had counsel presented such a motion, it "would have led to a different and more favorable outcome at…sentencing." *Commonwealth v. Reaves*, 923 A.2d 1119, 1131-32 (Pa. 2007). This Court would not have altered defendant's sentence had counsel moved for reconsideration. The record in this matter established that the Court considered the nature and circumstances of this offense, the presentence investigation report, the sentencing guidelines, the need for the protection of the public, and the gravity of the offense in relation to its impact upon the victims. N.T. 8/12/08 at 9. It was clear to the Court that defendant, having been convicted of eight prior burglaries, and having served multiple state sentences for those convictions, was unable to be rehabilitated and that defendant would be committing additional burglaries upon release from custody. N.T. 8/12/08 at 9-10. Because the sentence was fair, fully justified by the record, and would not have been reduced, defendant was not prejudiced by trial counsel's failure to file a motion for reconsideration of sentence.

7

Moreover, defendant cannot demonstrate that he was prejudiced by appellate counsel's failure to challenge defendant's sentence, even had trial counsel preserved this issue for appeal. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion." *Commonwealth v. Anderson*, 552 A.2d 1064, 1072 (Pa. Super. 1988), *app. denied*, 571 A.2d 379 (Pa. 1989); *see Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). Where the sentence falls outside the Sentencing Guidelines, the sentence should be affirmed on appeal unless it is "unreasonable." 42 Pa.C.S. § 9781(c)(3); *see Commonwealth v. P.L.S.*, 894 A.2d 120, 130 (Pa. Super. 2006). "The sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community." *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002), *appeal denied*, 820 A.2d 703 (Pa. 2003). The factual basis and reasons for the departure must be stated on the record. *Id.*

Here, the Court plainly stated its reasons for departing above the sentencing guidelines and sentencing defendant to the maximum possible penalty allowed by law. Defendant was a career burglar, whose record demonstrated that he was unable to be rehabilitated. Given defendant's eight prior burglary offenses, it was clear to the Court that any sentence imposed by the Court would not serve to rehabilitate defendant, or deter him from committing new burglaries upon his release. The Court's sentence, therefore, was entirely reasonable and could not have been successfully challenged on appeal. As defendant cannot demonstrate that he was prejudiced by appellate counsel's failure to present a claim concerning defendant's sentence, defendant's claim must fail. *Sneed*, 899 A.2d at 1084.

8

B. *Failure to Request Jury Instruction Regarding Lack of Fingerprint Evidence*

Finally, defendant avers that "trial counsel was ineffective for failing to request a jury instruction that the lack of fingerprint evidence supported a finding that the Defendant did not commit a burglary inside the house." Statement of Errors at ¶ 2. This claim is without merit.

The standard of review pertaining to jury instructions is clear:

> The trial court possesse[s] broad discretion in phrasing its instructions to the jury and [is] permitted to choose its own wording so long as the law [is] clearly, adequately and accurately presented to the jury for consideration. Furthermore, a trial court need not accept counsel's wording for an instruction, as long as the instruction given correctly reflects the law. It is axiomatic that, in reviewing a challenged jury instruction, an appellate court must consider the charge in its entirety, not merely isolated fragments, to ascertain whether the instruction fairly conveys the legal principles at issue. Instructions will be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury properly in its deliberations.

*Commonwealth v. Fletcher*, 986 A.2d 759, 802 (Pa. 2009), quoting *Commonwealth v. Rainey*, 928 A.2d 215, 242-243 (Pa. 2007). A claim alleging trial counsel's ineffectiveness for failing to request a particular jury instruction lacks arguable merit where the defendant was not legally entitled to such an instruction. *Commonwealth v. Busanet*, 54 A.3d 35, 52 (Pa. 2012) (*citing Commonwealth v. Hanible*, 30 A.3d 426, 462 (Pa. 2011)).

Here, the Court's instructions clearly informed the jury that the lack of evidence could support a finding of reasonable doubt and require a verdict of not guilty:

> Now, although the Commonwealth has the burden of proving that the defendant is guilty, this does not mean that the Commonwealth must prove its case beyond all doubt or to a mathematical certainty, nor must the Commonwealth demonstrate the complete impossibility of innocence. That is not required. What is required is that the Commonwealth prove guilty beyond a reasonable doubt, and a reasonable doubt is the kind of doubt that would cause a reasonably careful and sensible person to pause or hesitate in the acting upon a matter of the highest importance in his or her own affairs. A reasonable doubt must fairly arise out of the evidence that was presented *or out of the lack of evidence presented* with respect to some element of each of the crimes charged.

9

N.T. 7/1/08 at 227-228 (emphasis added). The instruction requested by defendant, that "the lack of fingerprint evidence supported a finding that the [defendant] did not commit a burglary inside the house," did not further explicate the law. Instead, it was an argument in favor of a not guilty verdict that trial counsel was permitted to make to the jury. Defendant has not cited, and this Court is unaware of, any authority requiring the Court to set forth defendant's theories and arguments in the jury charge. Accordingly, defendant's underlying claim is without arguable merit and defendant's derivative claim of counsel's ineffectiveness must fail. *Miller*, 987 A.2d at 648. No relief is due.

## IV. CONCLUSION

For the foregoing reasons, the Court's order dismissing defendant's PCRA Petition should be affirmed.

BY THE COURT:

_____
GLENN B. BRONSON, J.