J-S63006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID S. HEATH | : | |
| | : | |
| Appellant | : | No. 1461 WDA 2017 |

Appeal from the Judgment of Sentence September 13, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002278-2016

BEFORE:   OTT, J., MURRAY, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 06, 2019**

David S. Heath appeals from the judgment of sentence imposed on September 13, 2017, in the Court of Common Pleas of Allegheny County following his conviction[1] on charges of Driving Under the Influence (DUI) General Impairment, Possession of a Small Amount of Marijuana, and Possession of Drug Paraphernalia.[2]  Heath received an aggregate sentence of three to six days' incarceration with a concurrent period of six months' probation.  In this timely appeal, Heath claims: 1) the trial court erred in failing to grant his motion to suppress evidence, and 2) there was insufficient evidence to prove he was under the influence at the time he was driving.  After

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Heath received a bench trial.

[2] 75 Pa.C.S. § 3802(a)(1) and 35 P.S. §§ 780-113(a)(31), (32), respectively.

a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We quote the suppression court's findings of fact for the factual history.

Officer [Jason] Di[i]anni has been employed as a police officer for fifteen (15) years. Officer Di[i]anni was on duty patrolling as a uniformed officer in a marked car on the night of February 2, 2016. Officer Di[i]anni was sitting at a traffic light when he observed a F-150 come off the ramp from Interstate 376 onto Campbells Run Road and "undercompensate" the turn such that both of the right tires of the vehicle left the roadway for about fifty (50) feet. It is undisputed in this matter that [Heath] was the driver of said F-150. Officer Di[i]anni then observed [Heath] make a right-hand turn onto McMichael Road. As [Heath] turned onto McMichael Road, the Officer observed [Heath's] vehicle bump[] the concrete median with his left tire. After bumping the concrete median, the Officer observed [Heath] "cut" the turn "a little wide and enter the oncoming left turn lane" for approximately 75 to 80 feet. The Officer continued to follow [Heath's] vehicle as he made a left-hand turn onto Tidball Road followed by another left-hand turn onto Steubenville Pike. Officer Di[i]anni observed [Heath] "cut off the edge of the left-turn on Steubenville Pike" with his two left wheels for about twenty (20) feet before correcting the vehicle. Officer Di[i]anni then effectuated a traffic stop of [Heath].

Findings of Fact, 11/30/2016, at 2-3.[3]

Additionally, after the traffic stop, the trial court stated, in its Pa.R.A.P. 1925(a) opinion:

Upon approaching [Heath] in his vehicle, Officer Diianni immediately smelled an odor of alcohol and burnt marijuana emanating from [Heath's] vehicle. Additionally, [Heath's] eyes

---

[3] The recitation of facts in the trial court opinion is substantially similar to the findings of fact quoted herein. The trial court opinion begins the recitation of facts with a statement that Officer Diianni testified both "credibly and sufficiently." **See** Trial Court Opinion, 3/15/2018, at 4.

were bloodshot and glassy and his speech was slurred. Officer Diianni requested that [Heath] perform field sobriety tests. [Heath] was only able to complete three of the four tests Officer Diianni requested due to an alleged medical condition. Upon completion of the tests Officer Diianni determined [Heath] showed signs of impairment and requested [Heath's] consent to a blood draw.[4]

Trial Court Opinion, 3/15/2018, at 2.

Initially, Heath argues the suppression court erred in denying his motion to suppress because Officer Diianni's testimony was inconsistent to the point of incredibility and therefore he possessed no reasonable suspicion to effect a traffic stop.

A challenge to the credibility of the evidence is a claim against the weight of the evidence. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013). This issue was properly preserved by challenging Officer Diianni's credibility before the suppression court. *See* N.T. Suppression Hearing, 8/11/2016, at 48. Regarding a motion to suppress, "[Q]uestions of credibility and the weight to be accorded to witness testimony are issues within the sound discretion of the trial court." *In re R.P.*, 918 A.2d 115, 117 (Pa. Super. 2007). Additionally, "[T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact." *Commonwealth v. Taylor*, 63 A.3d 327, 330 (Pa. Super. 2013). "[I]t is the duty of the finder of

_____

4 Pursuant to *Birchfield v. North Dakota*, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), Heath's failure to give consent to a blood draw was not considered.

fact to reconcile inconsistent testimony and resolve any inconsistencies." ***Commonwealth v. Manchas***, 633 A.2d 618, 624 (Pa. Super. 1993). Finally, the Commonwealth's burden of persuasion in a motion to suppress is by a fair preponderance of the evidence, not beyond a reasonable doubt, which is needed for conviction. ***See Commonwealth ex rel Butler v. Rundle***, 239 A.2d 426 (Pa. 1968); ***Commonwealth v. Smith***, 784 A.2d 182 (Pa. Super. 2011).

Heath claims Officer Diianni's testimony was incredible because he testified inconsistently with his written reports. Specifically, his testimony provided more incriminating detail than the report, which was written shortly after the incident. Examples of this include testimony that Heath's vehicle struck the concrete median prior to making the right hand turn onto McMichael Road as well as observing Heath drive in an incorrect lane of traffic on McMichael Road. Neither of these occurrences were included in Officer Diianni's police report.

Despite the fact that certain details were omitted from the official police report, the suppression court heard Officer Diianni's testimony at the suppression hearing and found it to be credible. As noted above, such determinations are solely for the finder of fact, and our Court may not substitute our judgment for that of the suppression court. Accordingly, Heath is not entitled to relief on this aspect of his claim.

Heath raises a second aspect of his challenge to the weight of the evidence; he argues Officer Diianni could not have seen Heath travel in an

incorrect lane on McMichael Road because a fence obstructs the view of that road from Campbells Run Road, where Officer Diianni was travelling. While impossibility can be a strong argument against the weight of the evidence, in this matter Heath has mischaracterized Officer Diianni's testimony. Officer Diianni testified "As I was passing the gap in the fence I could completely see [Heath] on McMichael Road" at which time "all four" of the tires on Heath's vehicle were in the incorrect lane. *See* N.T. Suppression Hearing, 8/11/2016 at 43. Officer Diianni then testified that after he turned onto McMichael Road, he witnessed Heath still in the incorrect lane of travel for another 15 to 20 feet. *Id.* at 45-46. Therefore, Officer Diianni was in a position to have witnessed the infractions to which he testified.

Having demonstrated that the suppression court did not err in its assessment of Officer Diianni's credibility, it is clear that he possessed probable cause to stop Heath for careless driving. The definition of careless driving is:

> Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.

75 Pa.C.S. § 3714.

The trial court found the numerous instances of Heath's inability to keep his vehicle in the proper lane of travel, cutting corners, driving on the berm, driving in the improper lane, and striking a concrete median, provided more than ample probable cause to stop Heath. We agree.

Finally, Heath claims there was insufficient evidence to support his conviction for driving under the influence of drugs and/or alcohol. We disagree. The trial court cogently stated:

> Specifically, Officer Diianni testified that upon approaching [Heath's] vehicle, Officer Diianni immediately smelled an odor of alcohol and burnt marijuana coming from [Heath's] vehicle. Additionally, [Heath's] eyes were bloodshot and glassy and his speech was slurred. Upon requesting [Heath's] license and registration, [Heath] was able to promptly provide his license but "stumbled" when looking for his registration before he stopped looking altogether. Office Diianni asked [Heath] whether he had consumed any alcohol to which [Heath] replied affirmatively that he had two beers. Additionally, [Heath] admitted to smoking marijuana a few hours prior to the stop. Officer Diianni then performed a series of field sobriety tests and Officer Diianni credibly testified that [Heath] showed signs of impairment during the testing.

Trial Court Opinion, 3/15/2018, at 6.[5]

Heath was charged with DUI – general impairment, 75 Pa.C.S. § 3801(a)(1). A "police officer's testimony is sufficient to prove the elements of DUI - general impairment." *Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa. Super. 2017), *citing* *Commonwealth v. Stanley*, 629 A.2d 940, 943 (Pa. Super. 1993). In *Giron*, the police officer testified he saw Giron's vehicle sideswipe a legally parked car, smelled strong odor of alcohol coming from the vehicle, Giron had red, glassy eyes and his speech was slurred. Additionally, Giron was unsteady on his feet when he exited his car. This testimony

---

[5] The trial court noted as well that Heath offered to provide a breath sample in lieu of a blood draw, but provided an invalid sample that Heath attributed to a collapsed lung as a child. *Id.*

supported a conviction of DUI – general impairment. Here, Heath sideswiped a concrete median, drove over berms and into improper lanes of traffic. Heath had bloodshot and glassy eyes, slurred speech, failed multiple field sobriety tests, and admitted to both drinking and smoking marijuana prior to driving. In view of **Giron**, we find the evidence herein sufficient to support the conviction for DUI – general impairment.

In light of the foregoing, Heath is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/2019