J-A15021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL FORMICA | : | |
| | : | |
| Appellant | : | No. 1782 EDA 2018 |

Appeal from the Judgment of Sentence Entered January 11, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002126-2017

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED AUGUST 02, 2019**

Appellant, Daniel Formica, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for persons not to possess firearms.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and some of the procedural history of this case. Therefore, we have no reason to restate them. We add that on January 11, 2018, the court sentenced Appellant to three years' probation. Appellant timely filed a post-sentence motion on January 18, 2018, which was denied by operation of law on May 21, 2018. On June 20, 2018, Appellant timely filed a notice of appeal. The court, on August 27, 2018, ordered Appellant to file a concise statement

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

---

* Retired Senior Judge assigned to the Superior Court.

of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant

timely filed a Rule 1925(b) statement on September 5, 2018.

Appellant raises the following issues for our review:

> WAS THE EVIDENCE INSUFFICIENT TO SHOW THAT [APPELLANT] CONSTRUCTIVELY POSSESSED A FIREARM FOUND INSIDE OF HIS UNLOCKED TRUCK WHEN HE WAS MERELY PRESENT INSIDE THE BUILDING BEHIND WHICH THAT TRUCK WAS PARKED, AND WHERE HE WAS NEVER SEEN WITH A FIREARM, INSIDE THE TRUCK, OR OUTSIDE OF THE BUILDING?
>
> DID THE TRIAL COURT ABUSE ITS DISCRETION BY DENYING [APPELLANT'S] POST-SENTENCE MOTION THAT THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE WHERE THAT COURT MISAPPLIED THE LAW REGARDING CONSTRUCTIVE POSSESSION?

(Appellant's Brief at 8).

A challenge to the sufficiency of the evidence implicates the following

legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

[finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sierra L. Thomas-Street, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed November 16, 2018, at 4-10) (finding: **(1-2)** Appellant's father testified he lived with Appellant on Walker Street, where father's gun was located, and no one else lived at residence; Appellant's father's gun went missing on or about 12/30/16 or 12/31/16; Appellant's father contacted police, filed report, and informed police he thought Appellant had missing gun; next day, police found missing gun in Appellant's vehicle; Appellant's vehicle doors were unlocked and butt of gun was on floor with barrel leaning against passenger side seat; vehicle was registered to Appellant, and Appellant had keys to vehicle on his person at time of arrest; parties stipulated Appellant's prior conviction prohibited him from possessing firearm; Commonwealth presented sufficient circumstantial evidence of constructive possession to sustain conviction and verdict was not against weight of evidence). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/2/19</u>

FILED IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

2010 NOV 16 AM 11: 33

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST COMMONWEALTH OF PENNSYLVANIA      :      CP-51-CR-0002126-2017
OF PENNSYLVANIA
                            :
             v.                  :
                            :      SUPERIOR COURT
     DANIEL FORMICA                  :      1782 EDA 2018

## OPINION

THOMAS STREET, J.                                         November 16, 2018

## I.    PROCEDURAL HISTORY

On January 1, 2017, the Defendant, Daniel Formica, was arrested and charged with possession of a firearm by a prohibited person,[1] burglary,[2] criminal trespass,[3] contempt for violation of order or agreement,[4] possession of instrument of a crime,[5] simple assault,[6] and recklessly endangering another person.[7] At the preliminary hearing on March 9, 2017, the possession of a firearm by a prohibited person and criminal trespass charges were held for court and the other charges were dismissed due to a lack of evidence. On July 11, 2017, the Defendant's motion to quash was granted as to the criminal trespass charge only. A scheduling conference was held on August 9, 2017, where the Defendant requested a waiver trial and discovery was marked as complete. A waiver trial was held on September 22, 2017, and the Defendant was found guilty of possession of a firearm by a prohibited person.

---

[1] 18 § 6105 §§ A1
[2] 18 § 3502 §§ A1
[3] 18 § 3503 §§ A1
[4] 23 § 6114 §§ A
[5] 18 § 907 §§ A
[6] 18 § 2701 §§ A
[7] 18 § 2705



CP-51-CR-0002126-2017 Comm. v. Formica, Daniel Patrick
Opinion

8190552281

## II.    FACTUAL HISTORY

The Commonwealth's first witness was the Defendant's father, Thomas Formica, Sr., who testified that he owned a black and brown Marlin firearm, Model 3AS rifle, that went missing on or about December 30th or 31st, 2016. (N.T. 09/22/17 Pp. 9-10). Mr. Formica identified the Defendant as his son and stated that his son had the rifle when it went missing from his house. (N.T. 09/22/17 P. 11). Mr. Formica contacted the police, filed a report about the missing rifle on December 30, 2016, and informed the police that he thought his son had the firearm. (N.T. 09/22/17 P. 11).

Philadelphia Police Officer Andrews then testified that on December 31, 2016, at 10:30 a.m., he went to 3100 Robbins Avenue Philadelphia, Pennsylvania in response to a radio call for a person with a gun. (N.T. 09/22/17 P. 14). Officer Andrews was met by the complainant on the side street adjacent to the property and could see the back of the property, the driveway, and a pickup truck sitting in the driveway. (N.T. 09/22/17 P. 14). Officer Andrews testified that he arrived at the scene minutes after the call and met the complainant about a half a block away. (N.T. 09/22/17 P. 15). He noted that she was shaking, frantic, her voice was trembling, and that she seemed very scared. (N.T. 09/22/17 Pp. 15-6). Officer Andrews then radioed to backup officers that the complainant's boyfriend could be at the property with a gun. (N.T. 09/22/17 P. 16). Officer Andrews stated that he only saw the Defendant from a distance and only enough for the complainant to identify him. (N.T. 09/22/17 P. 17).

Police Officer Raymond Lacey of the Philadelphia Highway Patrol Unit then testified that he arrived at the property around 10:30 a.m. on December 31, 2016. (N.T. 09/22/17 P. 19). Officer Lacey explained that he met the complainant behind the property, learned what was happening, and then proceeded to the complainant's house. (N.T. 09/22/17 P. 20). Officer Lacey testified

2

that he observed a black Dodge pickup truck in the driveway, the rear garage door was up, and there was a ladder on the back of the property. (N.T. 09/22/17 P. 21). The Commonwealth entered three photographs of the property and the firearm found in the Defendant's truck. (N.T. 09/22/17 P. 21-3).

Officer Lacey testified that he first checked the pickup truck and then the garage to ensure there was no one in those locations with a firearm, at that point the other units arrived and they knocked on the front door. (N.T. 09/22/17 P. 23). The Defendant answered the front door and although he had lived there in the past, a protection from abuse order was issued and so he was not supposed to be at the residence. (N.T. 09/22/17 Pp. 23-4). He testified that the complainant identified the Defendant and that his partner recovered a rifle from the front passenger seat of the Defendant's pickup truck. (N.T. 09/22/17 P. 25). Officer Lacey explained that no one was in the pickup truck, the doors were unlocked, the butt of the gun was on the floor with the barrel leaning against the passenger side seat, and the pickup truck was registered to the Defendant, Daniel Formica. (N.T. 09/22/17 P. 26). The Commonwealth then entered the certified PENNDOT registration for the vehicle in the Defendant's name into evidence, as well as the property receipt for the firearm found in the Defendant's vehicle. (N.T. 09/22/17 Pp. 26-7). The Defendant had the keys to the truck on his person when he was apprehended by police. (N.T. 09/22/17 Pp. 28-9).

The Commonwealth recalled Thomas H. Formica, Sr. who testified that he lived at 6142 Walker Street the original location of the gun with his son. (N.T. 09/22/17 P. 31). The following stipulations were read into the record: a certificate of nonlicensure certifying that the Defendant was not licensed to carry a firearm and the Defendant's FBI record including a 2008 conviction for Possession with Intent to Distribute. (N.T. 09/22/17 P. 32). The Court then found the Defendant guilty of Possession of a Firearm by a Prohibited Person. (N.T. 09/22/17 P. 40).

3

## III.    ISSUES

In the Pa. R.A.P. 1925(b) Statement of Matters Complained of on Appeal, the Appellant

identifies the following issue(s):

A. This Court erred by finding that Formica constructively possessed contraband which was inside of his vehicle where the evidence was insufficient to prove beyond a reasonable doubt that he had dominion and control of that contraband. Formica was never seen with the contraband, inside the vehicle, or even outside of the building behind which his vehicle was parked.

B. This Court abused its discretion by denying Formica's motion for a new trial because the verdict was against the weight of the evidence. The verdict was so contradictory to the evidence that it shocks one's sense of justice. That evidence included, but is not limited to, Formica's lack of presence either inside or near the vehicle where the contraband was found. When analyzing weight of the evidence claims, a court's role is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Discretion is abused where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the actions is a result of partiality, bias or ill will. *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000).

## IV.    STANDARD OF REVIEW

The standard of review is one of deference to the trial court. *Commonwealth v. Giles*, 182

A.3d 460, 461–62 (Pa. Super. Ct. 2018). The issues raised in the defendant's appeal are all matters

of discretion for the trial judge to determine. In considering a claim that the trial court erred in

refusing to find that a verdict was against the weight of the evidence, "appellate review is limited

to whether the trial court palpably abused its discretion in ruling on the weight claim."

*Commonwealth v. Taylor*, 63 A.3d 327 (Pa. Super. Ct. 2013) (*quoting Commonwealth v. Shaffer*,

40 A.3d 1250, 1253 (Pa. Super. Ct. 2012)). "A claim alleging the verdict was against the weight

of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court

reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict

4

was against the weight of the evidence." *Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. Ct. 2012). An abuse of discretion requires:

> not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Giles*, 182 A.3d at 461–62 *quoting Commonwealth v. Chmiel*, 738 A.2d 406, 510 (Pa. 1999) (citation omitted).

## V.     DISCUSSION

### A.     COURT DID NOT ERR BY FINDING THAT DEFENDANT HAD CONSTRUCTIVE POSSESSION OF THE FIREARM IN HIS TRUCK BECAUSE HE HAD DOMINION AND CONTROL OVER THE FIREARM

Defendant avers that this Court erred when it found that he had constructive possession of a firearm located in his truck. This Court disagrees.

Where a defendant does not have physical possession of an illegal item, a conviction can still stand through constructive possession. Constructive possession is defined as follows:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. Ct. 2013); *quoting Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. Ct. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013). "'We have defined constructive possession as conscious dominion,' meaning that the defendant has 'the power to control the contraband and the intent to exercise that control.'" *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. Ct. 2018); *quoting Hopkins*, 67 A.3d at 820.

5

Constructive possession can be proven by circumstantial evidence. *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. Ct. 1996); citing *Commonwealth v. Macolino*, 469 A.2d 132 (Pa. 1983). "The requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Id.*; citing *Commonwealth v. Thompson*, 428 A.2d 223 (Pa. Super. Ct. 1981). "The fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence." *Id.* "[I]n a prosecution based upon circumstantial evidence, conviction may not be based upon suspicion or conjecture, but rather the evidence must be such 'as reasonable and naturally to justify an inference of guilt of the accused . . . and of such volume and quality as to overcome the presumption of innocence . . . ." *Commonwealth v. Townsend*, 237 A.2d 192, 195 (Pa. 1968) Several Superior Court cases deal with constructive possession of a weapon. *See Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. Ct. 2011) (finding constructive possession of a firearm where the gun was hidden in a compartment on the passenger side of the car and the defendant was the sole occupant); *Commonwealth v. Harvard*, 64 A.3d 690, 699 (Pa. Super. Ct. 2013) (finding constructive possession where a gun was found in a house that the defendant was living in and had the keys to and other occupant denied owning gun); *Cf. Commonwealth v. Carrington*, 324 A.2d 531, 532 (Pa. Super. Ct. 1974) (finding that mere ownership of the vehicle was not enough to prove possession where the defendant's car was stolen).

In the instant case, it was more likely than not that the Defendant had possession of the contraband based on the facts under the standard set out in *Brown* and *Hopkins*. Thomas H. Formica, Sr., the Defendant's father, testified that he lived with his son at 6142 Walker Street where the gun was located. (N.T. 09/22/17 P. 31). No one else lived at the residence. Mr. Formica testified that he owned a black and brown Marlin firearm, Model 3AS rifle, which went missing

6

on or about December 30th or 31st, 2016. (N.T. 09/22/17 P. 10). Mr. Formica identified the Defendant as his son at trial and stated that his son had the rifle when it went missing from his house. (N.T. 09/22/17 P. 11). Mr. Formica stated that he contacted the police, filed a report about the missing rifle on December 30, 2016, and informed the police that he thought his son had the firearm. (N.T. 09/22/17 P. 11). The weapon was found in the Defendant's vehicle the following day. (N.T. 09/22/17 P. 25).

Officer Lacey testified that the complainant identified the Defendant and that his partner recovered a rifle from the front passenger seat of the Defendant's pickup truck. (N.T. 09/22/17 P. 25). Officer Lacey explained that no one was in the pickup truck, the doors were unlocked, the butt of the gun was on the floor with the barrel leaning against the passenger side seat, and the pickup truck was registered to the Defendant. (N.T. 09/22/17 P. 26). Prior to approaching the residence, the police searched the surrounding area and no one else was in the area. (N.T. 09/22/17 P. 23). The Commonwealth entered the certified PENNDOT registration for the vehicle in the Defendant's name into evidence, as well as the property receipt for the firearm found in the Defendant's vehicle. (N.T. 09/22/17 Pp. 26-7). The Defendant had the keys to the truck on his person when he was apprehended by police. (N.T. 09/22/17 Pp. 28-9). Although circumstantial, the evidence supports the inference that the Defendant had constructive possession of the weapon.

**B. THE VERDICT IN THIS CASE IS NOT AGAINST THE WEIGHT OF THE EVIDENCE BECAUSE OF THE CIRCUMSTANTIAL EVIDENCE PRESENTED AT TRIAL**

Defendant claims that there is not enough evidence to convict him of possession of a firearm by a prohibited person and that the Commonwealth failed to prove constructive possession of the firearm. This Court disagrees.

7

In order to find the Defendant guilty of 18 § 6105 §§ A1, the Commonwealth must prove two elements beyond a reasonable doubt; "first, that the defendant was a person prohibited by law from possessing, using, or controlling a firearm" and "second, that the defendant, on a date more than 60 days from the time he became a person prohibited by law from possessing, using, or controlling a firearm, knowingly: possessed, used, or controlled a firearm within the Commonwealth." 15.6105 (Crim) Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer a Firearm, Pa. SSJI (Crim), §15.6105 (2016). The statute states, in pertinent part,

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa. Stat. and Cons. Stat. Ann. § 6105 (West). The parties may stipulate to the prior conviction that would bar a defendant from possessing a firearm or the Commonwealth may present evidence to the fact. The law defines a firearm as "any weapon that is designed or may readily be converted to expel any projectile by the action of an explosive; it also includes the frame or receiver of any such weapon." 15.6105 (Crim) Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer a Firearm, Pa. SSJI (Crim), §15.6105 (2016). *See also Commonwealth v. Thomas*, 988 A.2d 669 (Pa. Super. Ct. 2009), *app. denied*, 4 A.3d 1054 (Pa. 2010) and *Commonwealth v. Zortman*, 23 A.3d 519 (Pa. 2011). The term possess is defined as having "the intent to control and the power to control the firearm." 15.6105 (Crim) Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer a Firearm, Pa. SSJI (Crim), §15.6105 (2016).

A new trial may only be granted by a trial court where the verdict was so contrary to the weight of the evidence it would "shock one's sense of justice." *Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. Ct. 2004) (*quoting Commonwealth v. Hunter*, 554 A.2d 550, 555) (Pa. Super. Ct. 1989)). "A new trial should not be granted because of a mere conflict in the

8

testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000). Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* at 752. Moreover, credibility determinations are solely within the province of the fact-finder, and an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of fact. *Commonwealth v. Taylor*, 63 A.3d 327 (Pa. Super. Ct. 2013) (*quoting Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa. Super. Ct. 2012)). In considering a claim that the trial court erred in refusing to find that a verdict was against the weight of the evidence, "appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Taylor*, 63 A.3d at 330 (*quoting Shaffer*, 40 A.3d at 1253).

It is well settled that the Superior Court cannot substitute its judgment for that of the trier of fact. *Commonwealth v. Miller*, 172 A.3d 632, 642 (Pa. Super. Ct. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018) (*citing Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. Ct. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016). "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Id.* (*citing Talbert*, 129 A.3d at 545). "Resolving contradictory testimony and questions of credibility are matters for the finder of fact." *Id.* "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* (citing Talbert, 129 A.3d at 546). "One of the least assailable reasons for granting or denying a new trial is the

9

lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id. at 643.*

A guilty verdict in this case does not shock the conscience. In this case, Thomas Formica, Sr. and his son, the Defendant, were living together at 6142 Walker Street Philadelphia, Pennsylvania when the father's gun went missing from the house. (N.T. 09/22/17 P. 31). No one else lived in the house. The Defendant's father discovered that his firearm was missing and quickly contacted the police fearing that his son had taken the weapon. (N.T. 09/22/17 P. 11). The following day police then responded to a radio call that a male with a gun was violating a protection from abuse order. (N.T. 09/22/17 Pp. 23-4). Upon their arrival, the complainant identified the Defendant. (N.T. 09/22/17 P. 17). The officers at the scene searched the location, surrounding area, and inside the property where the Defendant was located and no one else was present. (N.T. 09/22/17 P. 23). The Defendant had the key to the truck on his person and the truck was also registered to him. Moreover, a gun was found inside the Defendant's truck. (N.T. 09/22/17 P. 26). For the reasons stated above this Court correctly found that the Defendant constructively possessed the firearm. The Commonwealth proved their case beyond a reasonable doubt as the weight of the evidence supports the conviction.

## VI.    CONCLUSION

For all of these reasons, this court's decision should be affirmed.

BY THE COURT:

SIERRA THOMAS STREET, J.

Dated: November 16, 2018

10